83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Tiep HOANG, Defendant-Appellant.
 No. 95-50386.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1996.
Decided April 23, 1996.
 
 Before: CANBY, BOOCHEVER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Defendant Richard Tiep Hoang appeals his convictions and the 13-month sentence imposed by the district court following a jury conviction of one count of conspiracy in violation of 18 U.S.C. § 371, two counts of possession of counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3), and one count of possession of access device-making equipment in violation of 18 U.S.C. § 1029(a)(4). Hoang maintains that the district court erred by denying his motion for severance from the trial of his co-defendant, Hong Ha Thi Nguyen. A jury convicted Nguyen of one count of conspiracy in violation of 18 U.S.C. § 371 and one count of possession of counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3). We affirm Hoang's convictions and sentence.
 
 BACKGROUND
 
 3
 Because the parties are familiar with the facts of this case we will not repeat them in detail. Hoang and Nguyen were arrested following a meeting with an undercover United States Secret Service Special Agent in which they exchanged credit card account numbers for blank credit cards.
 
 
 4
 At trial, Hoang moved for severance. The district court conducted an in camera hearing in which Hoang's counsel and Nguyen's counsel proffered their respective defenses. Nguyen's defense was that she blindly followed Hoang and that she did not suspect criminal activity until she was arrested. Hoang's defense was that he was entrapped. The district court issued a written order on March 14, 1995 denying Hoang's severance motion.
 
 
 5
 In his closing argument, Nguyen's attorney mentioned that Nguyen consented to a search of her apartment whereas Hoang, being sophisticated, "wouldn't talk with [the Secret Service Special Agent] until after he saw his lawyer." Nguyen's attorney also said: "Of course, he has an absolute right to do that. It shows you the level of sophistication that Mr. Hoang has versus my client." Hoang's counsel objected, renewed his motion for severance, and moved for a mistrial. The district court recognizing that Hoang himself had testified concerning his refusal to speak to the agent until he had talked to a lawyer, denied the motion. The district court stated:
 
 
 6
 [T]here wasn't any discovery or anything new to the jury. It was a fair comment concerning sophistication as to how the people had acted. And [Nguyen's counsel] himself pointed out that Mr. Hoang had a perfect right to do that. The court, in its instructions, also pointed out the various respective rights of the parties and emphasized them by the instructions, and the jury is presumed to follow the instructions; so I don't think that any instruction is appropriate here.
 
 ANALYSIS
 
 7
 Fed.R.Crim.P. 14 permits severance "[i]f it appears that a defendant ... is prejudiced by ... joinder ... of defendants...."
 
 
 8
 The district court did not abuse its discretion in rejecting Hoang's motion for severance. See United States v. Ponce, 51 F.3d 820, 831 (9th Cir.1995) (district court's decision whether to sever is reviewed for abuse of discretion). It would have been possible for the jury to believe that Hoang did not have a disposition to commit criminal activity, but that once Hoang was entrapped, Nguyen blindly followed him. Therefore, Hoang's and Nguyen's defenses were not "mutually exclusive," and a severance was not required. United States v. Polizzi, 801 F.2d 1543, 1554 (9th Cir.1986) ("To justify a severance on the ground of antagonistic defenses, there must be a showing of 'mutual exclusivity'--[one defendant's] acquittal had to preclude [the other defendant's] acquittal.").
 
 
 9
 The district court did not err in rejecting Hoang's renewed motion for severance and for mistrial following Nguyen's attorney's comments in closing argument. Nguyen's counsel did not reveal any information that had not already been introduced. Moreover, Nguyen's attorney argued to the jury only that Hoang's silence showed sophistication. He did not argue that Hoang's silence showed guilt. See Doyle v. Ohio, 426 U.S. 610, 617-18 (1976) (prosecutor may not seek to impeach a defendant's exculpatory story by cross-examining the defendant about his failure to have told the story after receiving Miranda warnings). Finally, the jury was properly instructed to consider each defendant's guilt separately.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3